CARAWAY, J.,
dissenting.
1,1 agree with Chief Judge Brown’s conclusion concerning the failure of the plain *845 tiffs claim to state a cause of action. Regarding the focus of the majority and the trial court on the parties’ failure to timely execute their exchange, that issue is premature and may relate to the parties’ failure to have properly reached agreement in writing concerning the measure and identification of the 2-acre( +) tract.
In the present case, the immovable which each party is to exchange to the other is only generally described. Thus, even assuming that parol and extrinsic evidence is present and admissible for the determination of the parties’ meeting of the minds over these properties, their written contract alone cannot serve as a binding contract for the exchange of unidentified properties. Young’s petition makes no separate allegation of the extrinsic evidence of the parties’ dealings that might serve to give the metes and bounds descriptions of the immovables.
Finally, the procedural oddity of the majority’s ruling cannot go unnoticed. The trial court’s judgment made one simple decree which ordered “specific performance of the agreement to purchase and sell sued on herein.” It purports to be a final judgment. Under La. C.C.P. art. 2504, once such judgment becomes final and exi-gible and a party fails to specifically perform as so ordered, “the court may direct the act to be done by the sheriff.” The majority ruling now on the one hand purports to affirm this judgment; while on the other hand, in recognition of the impossibility of specific performance of the exchange of unidentified immovables, the 1 judgment remands the case for the pursuit of further evidence which might identify the properties and a meeting of the minds of the parties. This is not an affirmation of a judgment. It is res judicata of nothing. Instead, it is a reversal and a directive for continued evidentiary proceedings. The written contract, the trial court judgment, and the majority ruling all suffer from the same flaw. There have never been allegations, nor evidence in this case, of what immovable property the parties agreed to exchange. I would reverse and remand to require the plaintiff to amend and state a cause of action.